UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LAURA Y. RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-142-SEB-DML |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

**Entry Granting Application for
Attorney Fees under the Equal Access to Justice Act**

**I. Background**

Laura Y. Richardson ("Richardson") applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") based on several severe physical and mental impairments. Her applications were denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review this court determined that the ALJ's decision was not supported by substantial evidence and remanded the case to the ALJ for further consideration.

Richardson has moved for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). For the reasons discussed below, Richardson's motion (dkt 30) is **granted.**

**II. Discussion**

The EAJA provides that a successful litigant against the federal government is entitled to recover her attorneys' fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there existed no special circumstances that would make an award unjust; and 4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The Commissioner does not object to the amount of fees requested or the hourly rate. The only disputed point is whether the Commissioner's position was substantially justified.

Fees may be awarded if either the Commissioner's pre-litigation conduct or litigation position was not substantially justified. *Cunningham*, 440 F.3d at 863. To be substantially justified the Commissioner's position must have "reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* at 864. A "reasonable basis in law and fact" means "a reasonable person could believe the position was correct." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving that his position was substantially justified. *Cunningham*, 440 F.3d at 864.

As noted, after reviewing the administrative record and considering the arguments of the parties, the court concluded that the Commissioner's (ALJ's) decision in this action was deficient. The court reviewed each of Richardson's claims of error in the Entry issued on March 24, 2009. Richardson argued that the ALJ had misstated and ignored evidence favorable to Richardson's claim; the ALJ's credibility determination was erroneous and did not comply with Social Security Ruling ("SSR") 96-7p; and substantial evidence did not support the ALJ's RFC determination, which in turn tainted the hypothetical question posed to the vocational expert and the ALJ's ultimate finding at step five.

The court found partial merit in Richardson's first claim. The court agreed that the ALJ failed to discuss or weigh the findings contained in the functional assessments of two therapists. *Entry Discussing Complaint for Judicial Review* ("*Entry*"), at note 2, page 4. The ALJ did not agree that the ALJ misstated the record when she failed to conclude that Richardson's failure to seek treatment was a symptom of her mental impairment or that Richardson's substance abuse was merely a common symptom of bipolar disorder, because evidence supporting such conclusions was not part of the record.

The ALJ agreed with Richardson in finding that the ALJ failed to properly evaluate her credibility. The court concluded that "[b]ecause the ALJ failed to explain the weight given to Richardson's statements, the court cannot affirm the ALJ's credibility analysis." *Entry*, at page 6. The ALJ's inadequate credibility determination was based not so much on an error of articulation as on a failure to consider the appropriate factors. The ALJ failed to determine whether Richardson's allegations of depression, anxiety, problems getting along with people, inability to sustain concentration, difficulties performing limited daily activities, as well as reports of such difficulties by treating therapists, were credible. Contrary to the applicable regulations, the ALJ's credibility determination was more a conclusion as to Richardson's disability than it was an evaluation of Richardson's statements concerning her symptoms.

> "The reasons given for finding Richardson not credible, however, did not relate to Richardson's descriptions of her symptoms. The court finds it troubling that the ALJ apparently limited her credibility finding to an evaluation of Richardson's 'allegation of disabling impairments.'"

*Id.*

Richardson's third claim was also meritorious. The restrictions included in the ALJ's RFC and hypothetical question posed to the vocational expert did not adequately reflect the evidence. *Id.* at page 7. Again, this error was not merely a failure to articulate. The "ALJ's restrictions do not adequately reflect the evidence supporting the findings of moderate limitations in the areas of concentration, persistence and pace and social functioning." *Entry* at page 7. The ALJ relied on the opinion of State Agency physician Dr. Larsen but failed to incorporate in the RFC assessment and hypothetical question a number of the restrictions indicated by the physician, rendering the ALJ's conclusion at steps four and five not supported by substantial evidence.

The Commissioner argues that in the context of the EAJA, the ALJ conducted an appropriate credibility analysis and made a reasonable RFC determination. For the reasons set forth above, the court disagrees. Under these circumstances, the Commissioner's position did not have a reasonable basis in law and fact.

### III. Conclusion

The court finds that the Commissioner has not carried his burden of establishing that his position in this case was substantially justified. Accordingly, Richardson's motion for attorney fees (dkt 30) is **granted.** The Commissioner has not challenged the amount of the request and the court finds the request of $8,240.50 in fees and costs to be reasonable. A separate order consistent with this ruling shall now issue.

**IT IS SO ORDERED.**

Date:  11/13/2009

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana